IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN RE:

KEVIN P. MCCARTHY,　　　　　　　　　　　　Case No. 05-39385-hcd
POLLY A. MCCARTHY,

　　　　　　　　　　　　　　　　　　　　　　Chapter 7

　　　　Debtors.

　　　*　　*　　*　　*　　*　　*　　*　　*　　*　　*　　*　　*

KRAMER CONSULTING, INC.
7630-A Fischel Road
Dublin, Ohio 43016,

　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　Adv. Pro. No.

vs

KEVIN P. MCCARTHY
51919 Watersedge
South Bend, IN 46628,

　　　　Defendant.

### COMPLAINT FOR DETERMINATION OF VALIDITY, PRIORITY
### AND EXTENT OF LIENS AND
### FOR DETERMINATION OF DISCHARGEABILITY OF DEBT

COUNT I

1.　　Debtor Kevin P. McCarthy, 51919 Watersedge, South Bend, IN, 46628, is a Debtor in the above captioned proceedings.

2.　　Plaintiff, Kramer Consultling, Inc., 7630-A Fischel Road, Dublin, Ohio 43016, is a creditor of the Defendant and is the holder of two judgments against Debtor; one of which is a secured claim by virtue of certain executions filed in the United States District Court for the Northern District of Indiana, being more particularly described in Case No. 3:05-mc-0034 AS, in the amount of $127,416.67, plus interest at 7% from June 1, 2005, and the second being a judgment rendered by a jury after trial conducted in the United States District Court for the

Southern District of Ohio, being an unsecured, unliquidated claim in excess of the amount of $199,000.00 plus costs and interest from May 18, 2005, plus an undetermined sum as and for attorney's fees applied for in the amount of $23,872.87.

3. This is an action under 11 U.S.C. §§ 506(a), 523(a)(2)(A), and 523(a)(4), and B.R. 7001(2) and (4), for a determination of the validity, priority, or extent of lien or other interest in property of Debtor, and for a determination of the dischargeability of debt of Debtor. This court has jurisdiction under 28 U.S.C. § 1334, and this Complaint constitutes a core proceeding.

## COUNT I

4. Plaintiff states that the basis of its claim is as follows:

a) On or about May 5, 2000, Defendant executed a promissory note in favor of Plaintiff in the face amount of $107,500.00, given for the purchase of certain shares of stock of Plaintiff.

b) As a result of the purchase of said shares of stock, Defendant became a shareholder, director and officer of Plaintiff.

c) Plaintiff states that Defendant defaulted upon the terms of the promissory note, and that said default constituted a breach of the fiduciary duties owed to Plaintiff

d) On July 7, 2005, the United States District Court for the Southern District of Ohio, Eastern Division, by the Hon. Algenon C. Marbley, granted judgment in favor of Plaintiff and against Defendant in the amount of $127,416.67, plus interest at seven percent (7%) in Case No. 02-cv-0115. A copy of said judgment entry is attached hereto as Exhibit A.

e) On July 11, 2005, the aforementioned judgment was filed for record in the Office of the Clerk of Court of the United States District Court for the Northern District of Indiana, and was assigned Case No. 3:05-MC-0034 AS. A copy of the filing for record is attached hereto as Exhibit B

f) On August 3, 2005, Plaintiff caused executions to be issued against Defendant, levying on certain assets that Defendant claims constitutes property of the estate.  A copy of said executions are attached hereto as Exhibits C, D and E.

g) On October 14, 2005, Plaintiff filed a voluntary petition under Chapter 7 of Title 11, United States Code.  Defendant listed Plaintiff as an unsecured creditor on Schedule F and incorrectly identified the debts as "consulting fees."

h) Plaintiff states that it is a secured creditor in the property of Defendant, being his interests in certain businesses known as TFP and Associates, LLC, an Indiana Limited Liability Company; and Effective Enterprise Management, Inc., an Indiana Corporation, that Plaintiff is entitled to keep and retain its lien against said property of the Defendant; that the debt owing to Plaintiff is in the nature of a breach of a fiduciary duty Defendant owed Plaintiff by virtue of his status as an officer and director of Plaintiff from May 5, 2000 to approximately April 30, 2001, thereby rendering Plaintiff's claim as secured and nondischargeable pursuant to 11 U.S.C. §§ 506(a) and 523(a)(2)(A).

WHEREFORE, upon Count I, Plaintiff prays that this Court issue a declaratory judgment finding that its claim shall be treated as a secured, nondischargeable claim, and for such other and further relief as the Court may find just and equitable in the premises.

## COUNT II

5. Plaintiff hereby incorporates the allegations contained in paragraphs 4(a) through (h) as if fully rewritten *verbatim* herein.

6. Plaintiff states that the basis of its claim is as follows:

a) Plaintiff states that on May 18, 2005, a jury duly empanelled returned a verdict in favor of Plaintiff and against Defendant in the United States District Court for the Southern District of Ohio, Eastern Division, in Case No. 02-cv-0116, in which said jurors unanimously determined that Defendant breached the fiduciary duties he owed to Plaintiff

and awarded compensatory and punitive damages in the amount of $199,000.00, plus an undetermined amount as and for attorney's fees.

b) Plaintiff further states that the United States District Court for the Southern District of Ohio, Eastern Division, by the Hon. Algenon C. Marbley, granted judgment pursuant to the jury's verdict on June 9, 2005. A copy of the judgment entry is attached hereto as Exhibit F. The amount of the Court's award of attorney's fees has not yet been determined; however, an application for attorney's fees in the amount of $23,872.87 was filed with the court; therefore, the amount of the final judgment is actually greater than the face amount of the jury's verdict.

c) Plaintiff states that the debt Defendant owes it constitutes a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(4).

WHEREFORE, upon Count II, Plaintiff prays that this Court issue a declaratory judgment finding that its claim shall be treated as a nondischargeable debt, and for judgment against Defendant in the amount of $222,872.87, and for such other and further relief as the Court may find just and equitable in the premises.

Respectfully submitted,

SAKER LAW OFFICES

**/s/Theodore R. Saker, Jr.**
Theodore R. Saker, Jr.   (0023292)
1374 King Avenue
Columbus, Ohio  43212
Phone (614) 488-9900
Facsimile (614) 488-5238
Email: cmecf@saker-law.com,
           tsaker@columbus.rr.com
Attorney for  Plaintiff